FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

2014 MAR 14  PM 3: 36

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

ERICA MARTIN,
*on behalf of herself and all others
similarly situated,*

      Plaintiff,

v.

BUTLER & HOSCH, P.A.,
*a Florida profit corporation*

      Defendant.

_____/

Case No.: 8:14cv640 T24 TBM

**CLASS
REPRESENTATION
(Unlawful Debt
Collection Practice)**

## COMPLAINT

**COMES NOW**, Plaintiff, ERICA MARTIN (hereinafter, "Plaintiff"), by and through the undersigned counsel, on behalf of herself and all others similarly situated, and sues Defendant, BUTLER & HOSCH, P.A. (hereinafter, "B&H") and alleges:

### INTRODUCTION

1.     This is a class action brought pursuant to Rule 23, Federal Rules of Civil Procedure, against Defendant for its routine and systematic violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692 ("FDCPA").

2.     Specifically, Defendant routinely and systematically attempts to collect consumer debts via an unlawful form debt collection letter (hereinafter, "Form Debt Collection Letter"), as more specifically defined and used herein.  This letter improperly and illegally:

      a.  fails to enumerate Plaintiff's and Class Members' verification and validation rights; and

1

TRA-22397
$ 400

b. makes false, deceptive, and misleading representations.

Defendant gives an inaccurate and misleading version of the validation disclosure requirements in the initial communication in connection with the collection of the Debt, and Defendant's actions impose requirements beyond those required by the FDCPA, thus unlawfully limiting consumers' rights under the FDCPA and the FCCPA.

## PARTIES, JURISDICTION & VENUE

3.      At all times material herein, Plaintiff is and was a resident of the State of Florida, residing in Pinellas County.  This Court has personal jurisdiction over Plaintiff because she submits to the jurisdiction of this Court.

4.      The FDCPA and the FCCPA violations at issue in this action occurred in Pinellas County, Florida, thereby conferring jurisdiction on the United States District Court for the Middle District of Florida, pursuant to 15 U.S.C., Section 1692k(d), 28 U.S.C., Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C., Section 1367.

5.      Venue in this District is proper because Plaintiff resides here and because Defendant mailed the Form Debt Collection Letter, to Plaintiff and to consumers in this District.

6.      This Court has personal jurisdiction over Defendant because Defendant sent Plaintiff the Form Debt Collection Letter to an address and regarding a property located in Pinellas County, Florida.

7.      Other putative Class Members throughout the State of Florida and Pinellas County also received the Form Debt Collection Letter from Defendant.

8.      Defendant is a law firm and Florida profit corporation existing under the

laws of the State of Florida with a primary business address in Orange County, Florida, that, itself and through its employees and representatives, regularly collects debts allegedly owed to another within Pinellas County, Florida, and throughout the State of Florida.

## REPRESENTATIVE'S ALLEGATIONS

9.     Defendant is a "person," pursuant to Florida Statutes, Section 559.55(3), and is therefore subject to the FCCPA and prohibited from undertaking any actions described in Florida Statutes, Section 559.72.

10.     Defendant is a "debt collector," as that term is defined by the FCCPA, Section 559.55(6) and the FDCPA, Section 1692a(6).

11.     Defendant received the Debt for collection–and at all times herein collected the Debt–after the Debt was in default.

12.     Defendant used interstate mail while engaging in a business the principal purpose of which is the collection of consumer debts allegedly due another.

13.     Defendant is an entity who regularly collects or attempts to directly or indirectly collect consumer debts owed or due, or asserted to be owed or due, another.

14.     Plaintiff is a "debtor" or "consumer," as those terms are defined by the FCCPA, Section 559.55(2), and the FDCPA, Section 1692a(3).

15.     Defendant's conduct, complained of below, qualifies as "communication," as that term is defined by the FCCPA, Section 559.55(5), and the FDCPA, Section 1692a(2).

16.     Defendant acted by itself, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees,

representatives, third-party vendors, and insurers.

17.     Defendant routinely and systematically attempts to collect consumer debts from Plaintiff and Class Members through the use of the Form Debt Collection Letter, which has been more specifically defined herein and has been attached hereto as **Exhibit "A1-A2."**

18.     At all material times herein, Defendant attempted to collect a debt, specifically a defaulted mortgage loan on real estate personally used by Plaintiff, originally owned and/or serviced by Bank of America, N.A. and referenced by loan number ending in -4220 (at all times herein, the "Debt").

19.     The Debt was a consumer debt, incurred primarily for personal, household or family use.

20.     On or about March 14, 2013, Defendant sent the Form Debt Collection Letter in an attempt to collect the Debt (at all times herein, "Form Debt Collection Letter").

21.     Defendant's Form Debt Collection Letter advises that Defendant is a debt collector and is attempting to collect a debt.

22.     Defendant's Form Debt Collection Letter also advised Plaintiff that "[i]f a federal bankruptcy action has been filed and a discharge entered, no deficiency or personal judgment will be sought, and an In Rem Judgment will be entered against you as the real property title owners."

23.     Defendant's Form Debt Collection Letter subsequently informs Plaintiff of the full balance due to Defendant, and that due to "interest, late charges, and other

charges that may vary from day to day, the amount due on the day you pay may be greater," and instructs Plaintiff to contact Defendant for further information.

24.     Defendant's Form Debt Collection Letter's 15 U.S.C., Section 1692g(a) validation and verification disclosures contain the following language: "Unless you, within 30 days of receipt of this notice, dispute the validity of the debt, or any portion thereof, *the debt will be assumed to be owed.*" (emphasis added).

25.     The Form Debt Collection Letter was Defendant's initial communication with Plaintiff in connection with the collection of the Debt.

26.     Defendant's Form Debt Collection Letter was its first letter sent to Plaintiff regarding Plaintiff's Debt.

27.     Defendant's conduct, as described herein, is a knowing, willful, and continuing violation of Plaintiffs' rights, as enumerated under the FDCPA and the FCCPA.

28.     Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff and Class Members using the Form Debt Collection Letter in violation of said debt collection laws, Plaintiff and Class Members have no adequate remedy at law.

29.     Plaintiff has retained Leavengood, Dauval, & Boyle, P.A. as counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

30.     Any necessary conditions precedent to the bringing of this action have either occurred or have been excused by Defendant.

## CLASS ACTION ALLEGATIONS

31.     Pursuant to 23(a), 23(b)(2), and 23(b)(3), Federal Rules of Civil

Procedure, Plaintiff brings this class action on behalf of herself and all others,

constituting a class defined as:

> All consumer debtors who were sent in an attempt to
> collect a consumer debt, a collection letter, in the same
> form, substance, or improper purpose as the Form Debt
> Collection Letter attached as **Exhibit "A1-A2,"** from
> Defendant, to an address in Florida in violation of the
> FCCPA within a two-year period of time prior to the filing
> of this Complaint up through and including the present date
> (hereinafter, "FCCPA Class Members" or "FCCPA
> Class").

Excluded from the FCCPA Class are all directors, officers, agents, and employees of

Defendant and the courts to which this case may be assigned.

32.     Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiff

brings this class action on behalf of herself and all others, constituting a class defined as:

> All consumer debtors who were sent in an attempt to
> collect a consumer debt, a collection letter, in the same
> form, substance, or improper purpose as the Form Debt
> Collection Letter attached as **Exhibit "A1-A2,"** from
> Defendant, to an address in Florida in violation of the
> FDCPA within a one-year period of time prior to the filing
> of this Complaint up through and including the present date
> (hereinafter, "FDCPA Class Members" or "FDCPA
> Class").

Excluded from the FDCPA Class are all directors, officers, agents, and employees of

Defendant and the courts to which this case may be assigned.

33.     Hereinafter, the FCCPA Class Members and the FDCPA Class Members

at times shall collectively be referred to as "Class Members" or "Classes."

34.     All recipients of the Form Debt Collection Letter, namely the Class

Members, are victims of the same improper conduct and unlawful demands of Defendant.

35.     The number of potential Class Members is undetermined at this time, but can readily be determined from Defendant's records. In light of the number of consumer mortgage loans in default across the State of Florida over the past several years and the number consumer debts Defendant collects throughout the State of Florida, each Class most likely has hundreds, if not thousands, of members.

36.     The Form Debt Collection Letter:

a.      uses false, deceptive, and misleading representations and means in the collection of Plaintiff's and Class Members' respective debts by including confusing, conflicting debt collection language as to whether or not Plaintiff's and Class Members' inaction would unconditionally result in the Debt being owed;

b.      places more stringent limitations on Plaintiff's and Class Members' validation and verification rights, as enumerated under 15 U.S.C., Section 1692g(a);

c.      does not give Plaintiff and Class Members the complete required validation and verification notices, as enumerated under 15 U.S.C., Section 1692g(a); and

d.      asserts a right that Defendant knows does not exist, namely its inability to assert without condition or limitation that the Debt can be assumed to be owed absent timely dispute.

37.     This action is properly brought as a class action under Rule 23, Federal Rules of Civil Procedure, for the following reasons:

a.      Each Class consists of hundreds or thousands of persons, so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.      There are questions of law and fact common to all Class Members relating to Defendant's actions relative to the Form Debt Collection Letter, which questions predominate over any question affecting only individual Class Members, including:

    i.      Whether Defendant failed to completely give the required validation and verification notices pursuant to 15 U.S.C., Section 1692g(a);

    ii.      Whether Defendant used false, deceptive, or misleading means or representations in its collection of the Debt by placing more stringent limitations on Plaintiff's and Class Members' validation and verification (e.g., dispute) rights;

    iii.      Whether Defendant used false, deceptive, or misleading means or representations in its collection of the Debt by making conflicting statements with regard to its Debt collection;

    iv.      Whether Plaintiff and Class Members are entitled to statutory damages as a result of Defendant's unlawful debt collection practices described herein and in what amount;

    v.      Whether Plaintiff and Class Members are entitled to costs and attorneys' fees, and if so, in what amount; and

    vi.      Whether Plaintiff and Class Members are entitled to

8

declaratory and injunctive relief pursuant to the FCCPA.

38.     Defendant has acted, or refused to act, on grounds generally applicable to Class Members in that it has engaged in a routine and systematic course of conduct, namely the utilization of the Form Debt Collection Letter which uses false and deceptive means in connection with the collection of a debt and which fails to give Plaintiff and Class Members notice of their complete and accurate validation and verification rights.

39.     Injunctive and declaratory relief is appropriate with respect to the Class Members as a whole under the FCCPA as a result of Defendant's routine and systematic course of conduct.

40.     Plaintiff's claims are typical of the claims of the proposed Class Members, given the uniform nature and use of the Form Debt Collection Letter and the common legal and factual issues of whether the drafting and sending of the Form Debt Collection Letter violates the FCCPA and the FDCPA.

41.     More specifically, the Form Debt Collection Letter must be analyzed, in part, to assess whether Defendant used false and deceptive means to collect the Debt when it used conflicting and confusing debt collection language, asserted a right that Defendant knows did not exist when it limited Class Members verification and validation rights, and when it failed to fully enumerate Class Member's verification and validation rights under the FDCPA.

42.     Plaintiff is a member of the Classes and is committed to prosecuting this action. Plaintiff has gathered and reviewed all relevant documents necessary for filing this case and has and will continue to proactively participate in this class litigation, thoroughly reviewing documents, asking questions and following the counsel of her

lawyers for the benefits of the Classes she seeks to represent. Plaintiff will fairly and adequately protect the interests of Class Members.

43.     Adjudication of this case on a class-wide basis is manageable by this Court.   The Form Debt Collection Letter was received by the Plaintiff and Class Members throughout the State of Florida.   The Form Debt Collection Letter, and Plaintiff's and Class Members' rights as they relate to the Form Debt Collection Letter, are the same or are so similar as to be legally and factually indistinguishable in all material aspects.   As a result, it will not be difficult for the Court or jury to determine whether Defendant has violated the FDCPA or the FCCPA or both.   This Court is an appropriate forum for this dispute.

44.     Plaintiff has retained as counsel attorneys that are competent and experienced in consumer, class action, and complex litigation.   More specifically, Plaintiff has retained a firm whose members are board certified in consumer law, with specific experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspects of class action litigation.   Plaintiff's counsel will fairly and adequately represent Plaintiff and the interests of the Class Members.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

        a.     given the size of the proposed Classes, individual joinder of each Class Member's FCCPA and FDCPA claims is impracticable;

        b.     given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their

federal and state rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

c. when Defendant's liability has been adjudicated, claims of all Class Members can be determined by the Court;

d. this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

e. other available means of adjudicating the claims of Plaintiff and Class Members—such as hundreds, if not thousands, of individual actions brought separately and pursued independently in courts throughout the State of Florida— are impracticable and inefficient;

f. without a class action, Class Members will continue to suffer damages and the violations of law by Defendant will proceed without remedy while they continue their illegal debt collection activities; and

g. this action presents no difficulties that would preclude management by the Court as a class action.

46. In the case of any action, 15 U.S.C., Section 1692k provides for the award of up to $1,000.00 statutory damages.

47. In the case of a class action, 15 U.S.C., Section 1692k provides such amount as the court may allow for all other Class Members, without regard to minimum individual recovery, up to the lesser of $500,000 or 1 percent of each Defendant's net worth, as well as an award of attorneys' fees and costs should Plaintiff prevail in this

matter.

48.     In a class action case, such as this one, Florida Statutes, Section 559.77(2) provides for the award of up to $1,000.00 statutory damages, as well as an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of each Defendant's net worth for all remaining Class Members, declaratory and injunctive relief, as well as an award of attorneys' fees, and costs should Plaintiff prevail in this matter.

**COUNT ONE:**
**DECLARATORY AND INJUNCTIVE RELIEF**
**VIOLATIONS OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT**

49.     Plaintiff re-alleges paragraphs one (1) through forty-eight (48), as if fully restated herein and further states as follows:

50.     Plaintiff, for herself and Class Members, pursuant to Florida Statutes, Section 559.77(2), seeks a declaration that the above-described practices of Defendant, namely the use of the Form Debt Collection Letter in collecting Debts, violates the Florida Consumer Collection Practices Act, and further requests an injunction against such further practices by Defendant.

51.     This count seeks a determination as to the rights, status, and legal relationships of the parties relating to Defendant's practices in utilizing communications such as the Form Debt Collection Letter, attached as **Exhibit "A1-A2."**

52.     This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and Section 559.77(2) of the Florida Consumer Collection Practices Act.

53.     By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights and duties stemming from the

usage and effect of the Form Debt Collection Letter on Plaintiff and Class Members which:

a.      deceptively, falsely, and unlawfully makes conflicting statements as to whether Plaintiff and Class Members owe the Debt and whether a payment must be made on the continually increasing balance;

b.      deceptively, falsely, and unlawfully asserts a right that does not exist by claiming that the Debt will be assumed to be owed if no dispute is made in the thirty day period; and

c.      deceptively, falsely, and unlawfully fails to limit *who* (i.e., the debt collector) may assume the debt to be *valid*, and instead knowingly and impermissibly assert that the Debt will assumed to be owed by anyone and everyone, at any time in the future, if Plaintiff and Class Members fail to now dispute the Debt.

54.     As such, the Form Debt Collection Letter impermissibly and unlawfully leads Plaintiff and Class Members to believe that their failure to dispute their respective Debts could lead anyone—including a court of competent jurisdiction—to believe the Debt is both valid and owed, thereby limiting their rights and causing them harm (e.g., an admission) in any eventual lawsuit that may be filed to collect the Debt.

55.     Debt collection of this type, namely the use of the Form Debt Collection Letter, is unlawful and violates the Florida Consumer Collection Practices Act.

56.     For the protection of Florida's residents, consumer debtors, and property owners who may be subject to the same improper Debt collection practices in the future, injunctive relief preventing additional instances of the same conduct is required.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

57.     Plaintiff re-alleges paragraphs one (1) through forty-eight (48), as if fully restated herein and further states as follows:

58.     Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt from Plaintiff and Class Members by asserting the existence of a legal right with knowledge that such right does not exist.

59.     Specifically, Defendant, in the Form Debt Collection Letter, asserts to the least-sophisticated consumer that, unless a dispute is made, the Debt *will be assumed to be owed*, which is in direct contradiction with Plaintiff and Class Members rights under Section 1692g(a) of the FDCPA.

60.     Further, Defendant asserts that anyone—not just the debt collector—can and will assume the Debt to be owed if Plaintiff and Class Members fail to dispute their respective Debts.  This could lead Plaintiff and Class Members to believe that a court of competent jurisdiction could assume the Debt to be valid in an eventual lawsuit to collect the Debt unless the Debts are now disputed.

61.     Despite Defendant's assertions, however, a court cannot hold Plaintiff and Class Members' failure to dispute the Debt after receipt of the Form Debt Collection Letter against them.  Instead, only the debt collector who sent the initial communication in connection with the collection of the Debt (i.e., Defendant) may assume the Debt to be valid.

62.     Defendant's assertions, made in an attempt to collect the Debt, are knowingly false, deceptive, and unlawfully limit Plaintiff's and Class Members' consumer rights as specifically enumerated under Section 1692g(a) of the FDCPA.

63.     As a direct and proximate result of Defendant's actions, Plaintiff and Class Members have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e(10)**

64.     Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

65.     Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692e(10) by the use of false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

66.     "[I]t is well established that [a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996)).

67.     "Conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Gonzales*, 660 F.3d at 1063; *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1196 (11th Cir. 2010).

68.     Defendant's statement that "if a federal bankruptcy action has been filed

and a discharge entered, no deficiency or personal judgment will be sought, and an In Rem Judgment will be entered against you as the real property title owners," coupled with Defendant's subsequent request for payment and statement that if no dispute of the debt is made, the debt will be assumed to be owed is misleading to the least sophisticated consumer, as it is subject to more than one reasonable interpretation—either the letter is advising Plaintiff and Class Members that no judgment will be sought in light of a bankruptcy discharge, or the debt may be assumed owed and the letter is attempting to seek payment on the full balance owed—one of which is necessarily inaccurate.

69.     If Defendant is not seeking payment on the Debt, then the Form Debt Collection Letter fails to clearly and effectively disclaim that the debt is not owed and no payments are being sought or need to be made.  In fact, not only is the Form Debt Collection Letter unclear, when Defendant states that the Debt will be assumed to be owed unless Plaintiff and Class Members affirmatively dispute the Debt, and provides both a balance and further payment information, Defendant leads Plaintiff and Class Members to believe that the Debt is in fact owed and payment must be made to Defendant.

70.     In   short,   Defendant's   ambiguous,   conflicting,   and   misleading representations would "frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

71.     Defendant has violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection the collection of a consumer debt from Plaintiff and Class Members.

72.     As a direct and proximate result of Defendant's actions, Plaintiff and Class

Members have sustained damages as defined by 15 U.S.C., Section 1692k.

### COUNT FOUR:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C., SECTION 1692g(a)

73.      Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

74.      Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692g(a) by failing to include in the initial communication or send a written notice to Plaintiff within five (5) days of Defendant's initial communication that contained a statement that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be *valid by the debt collector* (emphasis added).

75.      Specifically, Defendant's Form Debt Collection Letter states that "[u]nless you, within 30 days of receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be *owed*." *See* **Exhibit "A1-A2"** (emphasis added).

76.      Defendant incorrectly asserts to the least-sophisticated consumer that the debt will be assumed to be owed in general, not "valid by the debt collector," as is required by the FDCPA.

77.      The above emphasized language leads Plaintiff and Class Members to believe that failure to dispute their respective debts within thirty (30) days after receipt of the Form Debt Collection Letter will result in Plaintiff and Class Members losing the ability to ever dispute their debts with any other entity.  Said assertion is false.

78.      Further, Defendant's assertion conveys to the least-sophisticated consumer

that the Debt will be assumed to be owed by anyone, not just Defendant.  This may lead Plaintiff and Class Members to believe that failure to now dispute their respective debts may impact their future rights with other entities, such as a court, credit reporting agency, or other debt collector.

79.    In short, Defendant's usage of this added language leads the least-sophisticated consumer, namely Plaintiff and Class Members, to incorrectly interpret their 15 U.S.C., Section 1692g(a) validation and verification rights.

80.    As such, Plaintiff and Class Members are not given their required validation and verification disclosures, thus violating 15 U.S.C., Section 1692g(a).

81.    As a direct and proximate result of Defendant's actions, Plaintiff and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.

### PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's actions and conduct, Plaintiff and Class Members respectfully request relief and a judgment:

a.    Declaring that this lawsuit is properly maintainable as a class action, certifying Plaintiff as representative of the Classes, an order certifying the Classes requested herein, and appointing undersigned counsel as attorneys for the Classes;

b.    Declaring that communications, such as the Form Debt Collection Letter, violate the FCCPA and the FDCPA;

c.    Declaring that the Defendant violated the FCCPA;

d.    Declaring that the Defendant violated the FDCPA;

e.    Awarding maximum statutory damages allowed under the FCCPA;

18

f.      Awarding maximum statutory damages allowed under the FDCPA;

g.      Ordering injunctive relief, including permanently enjoining Defendant from further engaging in the same debt collection activities in violation of the FCCPA, namely the continued use of the Form Debt Collection Letter;

h.      Awarding Plaintiff and Class Members attorneys' fees and costs; and

i.      Granting such relief the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff and Class Members hereby gives notice to Defendant and demand that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiff and Class Members hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENLAW**

[X] Ian R. Leavengood, Esq., FBN 0010167
**LEAD TRIAL COUNSEL**
[   ] Aaron M. Swift, Esq., FBN 93088
[   ] G. Tyler Bannon, Esq., FBN 105718
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiff and Class Members*

19



| Reply to: | Venkata S. Paturi, Esquire |
|---|---|
| | Licensed to Practice Law in Florida |
| | P.O. Box 628206 |
| | Orlando, Florida 32862-8206 |
| | |
| | 3185 South Conway Road, Suite E |
| | Orlando, Florida 32812-7315 |
| | Telephone: (407) 381-5200 |
| | Fax: (407) 381-5577 |

March 14, 2013

Erica Martin and Stefen Anderson
3245 N 52nd Way Street
Saint Petersburg, FL 33710

RE:  LENDER NAME & ADDRESS:
     Bank of America, N.A.
     7105 Corporate Drive
     MS PTX-B-35
     Plano, TX 75024
     LOAN NO: █████4220
     PROPERTY ADDRESS: 3245 N 52nd Way Street, Saint Petersburg, FL 33710

**NOTE: PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear Property Owner:

This law firm represents the interest of your lender as named hereinabove regarding an alleged unpaid debt. We have been requested to file suit against you for a consumer debt and, as required by Federal law, we are sending you this letter. If a federal bankruptcy action has been filed and a discharge entered, no deficiency or personal judgment will be sought, and an In Rem Judgment will be entered against you as the real property title owners.

Pursuant to 15 U.S.C. 1692g(a) the following written notice is given you:

NOTICE OF DEFAULT AND RIGHT TO CURE DEFAULT

You are in default under your Note and Mortgage. The default consists of a failure to pay monthly installments

**You may have the right to reinstate after acceleration (as provided in the mortgage) and the right to assert in a foreclosure proceeding the non-existence of a default or any other defense to acceleration and foreclosure.**

EXHIBIT
A1

B&H # 310019

Additional information concerning your rights under federal law is as follows:

(1)    The name and address of the creditor, if different from the current owner of the indebtedness, will be provided to you within thirty days upon your request for same.

(2)    The current holder of the note and mortgage, and to whom it is now owed is: BANK OF AMERICA, N.A., as servicer for the owner and acting on behalf of the owner with authority to do so.

(3)    Unless you, within 30 days of receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be owed.

(4)    If you notify me in writing within the 30 day period that the debt, or any portion thereof, is disputed, I will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you; and

(5)    As of March 18, 2013, you owe $ 230,465.76. Because of the interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (407) 381-5200.

(6)    Written requests pursuant to this notice should be addressed to Venkata S. Paturi, Esquire, Law Office of Butler & Hosch, P.A., 3185 South Conway Road, Suite E, Orlando, Florida 32812.

Sincerely,

/s/Venkata S. Paturi
Venkata S. Paturi

VSP/lff

Fannie Mae designated in Florida and Louisiana
www.butlerandhosch.com



EXHIBIT
A2

B&H # 310010