UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA MARTIN, on behalf
of herself and others similarly situated,

       Plaintiff,

v.                                               Case No.  8:14-cv-640-T-24 TBM

BUTLER & HOSCH, P.A.,

       Defendant.
_____/

**ORDER**

       This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 12). Plaintiff opposes the motion.  (Doc. No. 16).  As explained below, the motion is granted in part and denied in part.

**I.  Standard of Review**

       In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff alleges the following in her complaint (Doc. No.1): Plaintiff alleges that Defendant Butler & Hosch, P.A., a law firm, attempts to collect debts using an unlawful form debt collection letter ("the Letter").  The Letter attached to the complaint relates to Plaintiff's default under a note and mortgage.  The Letter states the following, in relevant part:

> This law firm represents the interest of your lender . . . regarding an alleged unpaid debt.  We have been requested to file suit against you for a consumer debt and, as required by Federal law, we are sending you this letter.  If a federal bankruptcy action has been filed and a discharge entered, no deficiency or personal judgment will be sought, and an In Rem Judgment will be entered against you as the real property title owners.
>                     *       *       *
> Unless you, within 30 days of receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be owed.
>                     *       *       *
> As of March 18, 2013, you owe $230,456.76.  Because of the interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  **Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.**

(Doc. No. 1, Ex. A)(emphasis in original).  As a result of receiving this Letter, Plaintiff filed this lawsuit, in which she asserts claims for violations of Florida's Consumer Collection Practices

2

Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA").

### III.  Motion to Dismiss

In response to Plaintiff's complaint, Defendant moves to dismiss each of the four claims asserted against it.  Accordingly, the Court will analyze Defendant's motion with respect to each claim.

#### A.  Count Four

In Count Four, Plaintiff alleges that the Letter violates 15 U.S.C. § 1692g(a) of the FDCPA.  Section 1692g(a) provides that in the initial communication or within five days after the initial communication, the debt collector shall send the consumer a written notice that contains certain information, including "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

Plaintiff contends that the following language in the Letter violates § 1692g(a): "Unless you, within 30 days of receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be owed."  Plaintiff contends that this language violates § 1692g(a) in two ways: (1) it states that the debt will be assumed to be "owed," rather than assumed to be "valid;" and (2) it does not state that the only entity entitled to such an assumption is the debt collector.  Defendant disputes that this language violates the FDCPA and moves to dismiss this claim.

"The absence of one or more of the statutory requirements [set forth in § 1692g(a) within a communication from a debt collector] . . . is actionable as a violation of 15 U.S.C. § 1692e . . . if the variance is one that would tend to mislead the least sophisticated consumer." Caceres v.

McCalla Raymer, LLC, 2014 WL 2884678, at *3 (11th Cir. June 26, 2014)(citation omitted).

The least sophisticated consumer standard has been described as follows:

> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

Id. (quoting LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010)). As such, if a communication is open to more than one reasonable interpretation, at least one of which is inaccurate, then the communication would be considered deceptive under the least sophisticated consumer standard. LeBlanc, 601 F.3d at 1195 n.18. Under this framework, the Court analyzes Plaintiff's allegations in Count Four.

### 1. Assumption by the Debt Collector

Plaintiff argues that the Letter violates the FDCPA because it does not state that if Plaintiff does not dispute the debt within thirty days, the only entity entitled to assume the debt is valid is the debt collector. There is case law supporting Plaintiff's argument that such an omission sufficiently states a claim. See Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A., 2011 WL 4499100, at *3 (S.D. Fla. Sept. 27, 2011); Guerrero v. Absolute Collection Service, Inc., 2011 WL 8183860, at *4 (N.D. Ga. Oct. 6, 2011); Orr v. Westport Recovery Corp., 941 F. Supp.2d 1377, 1382 (N.D. Ga. 2013).

In Orr, the plaintiff challenged a letter that stated that if he failed to dispute the debt within thirty days, "the debt will be assumed to be valid." Id. at 1378. The plaintiff challenged this language as violating the FDCPA, arguing that the failure to state that the assumption could

4

only be made by the debt collector would lead the least sophisticated consumer to believe that any entity, including a court, would assume that the debt was valid and such would be deceptive with regard to the consumer's rights.  See id. at 1380.  The Orr court agreed with the plaintiff, explaining:

> By including the term "by the debt collector," § 1692g(a)(3) expressly intended the notice to convey the specific validation limitation to the consumer.  In other words, the statute intended the consumer to receive the message that the debt would be assumed valid by only the debt collector and only for collection purposes. "The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the 'temporary fiction' that the debt is valid [, that f]ailure to dispute a debt has no legal effect on a debtor's rights . . . [and that i]n any subsequent collection action, the burden would remain on the debt collector . . . to prove the validity of the debt."
>
> \*     \*     \*
>
> As defendants correctly argue, there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim. "When reviewing a debt validation notice, [the court] must review the document as a whole in order to evaluate whether the notice would inform sufficiently a least sophisticated debtor of his debt validation rights."
>
> \*     \*     \*
>
> A reading of the Letters in their entirety does not inform plaintiff that his debt will be assumed to be valid by the debt collector.  In fact, there is no language in the Letters that identifies the person or entity that will assume the debt to be valid.  "Defendants' omission of language indicating that it is the debt collector that will assume the validity of the debt . . . fuels the confusion. Though [d]efendants need not use the verbiage 'by the debt collector,' courts have held that they must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose."  "When read in the context of the entire [Letters], the phrase 'will be [assumed] valid' and the subsequent omission of any reference to the entity that will be '[assuming]' the debt [might] confuse or mislead the least sophisticated debtor into believing that her debt would be determined to be valid by an entity of authority [other than the debt collector]."

5

> Therefore, the court cannot conclude at this time that the omission was not material or harmless. The court concludes that defendants' failure to include "by the debt collector" or its equivalent is sufficient to allege a claim for which relief may be granted.

Id. at 1381-82 (internal citations omitted).

Based on the above, this Court finds that Plaintiff has sufficiently stated a claim in Count Four to the extent that she alleged that the Letter was deceptive because Defendant failed to communicate that only Defendant could assume the debt to be valid if she did not dispute it within thirty days. To this extent, the motion to dismiss is denied.

### 2. Assumed to be Owed

Next, Plaintiff argues that the Letter is deceptive because it states that if she does not dispute the debt, it will be assumed to be "owed." Thus, Plaintiff takes issue with the fact that § 1692g(a) provides that the failure to dispute the debt will allow the debt collector to assume the debt to be "valid," rather than "owed." According to Plaintiff, the words "valid" and "owed" have different meanings which render the Letter misleading. Specifically, Plaintiff argues that by using the word "owed," the least sophisticated consumer might read the sentence to believe that the failure to dispute the debt within thirty days would make the debt conclusively "owed," as if it was admitted and legally indisputable in future court proceedings. Plaintiff, however, cites to no case that has held that substituting the word "valid" with "owed" renders the communication misleading, and the Court is not persuaded by Plaintiff's argument on the issue. Instead, the Court concludes that the substitution is permissible because the context of the word "valid" in § 1692g(a)(3)—that the debt will be assumed to be valid—appears to encompass that the debt will be assumed to be owed. Accordingly, the Court concludes that the substitution of the word "owed" for "valid" in the Letter is not a basis for an FDCPA claim, and to that extent,

the motion to dismiss is granted.

### B. Count Two

In Count Two, Plaintiff alleges that the Letter violates Florida Statute § 559.72(9) of the FCCPA. Section 559.72(9) provides, in relevant part, that in collecting a debt, a person shall not "assert the existence of . . . [a] legal right when such person knows that the right does not exist." Plaintiff contends that the following language in the Letter violates this provision: "Unless you, within 30 days of receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be owed." Plaintiff contends that because this language violates § 1692g(a) (as discussed above), Defendant has asserted the existence of a legal right despite knowing that the right does not exist, in violation of § 559.72(9).

Defendant responds that the Letter does not violate § 1692g(a). However, as explained above, the Court has concluded that the failure to indicate that *only the debt collector* would assume the debt to be owed if Plaintiff failed to dispute it within thirty days is misleading. To that extent, the Court concludes that Plaintiff has stated a claim in Count Two that Defendant violated Florida Statute § 559.72(9) by asserting the misleading communication regarding who could assume that the debt was owed. Accordingly, to that extent, the Court denies Defendant's motion to dismiss this claim.

### C. Count Three

In Count Three, Plaintiff alleges that the Letter violates 15 U.S.C. § 1692e(10) of the FDCPA. Section 1692e(10) provides, in relevant part, that a debt collector shall not use any false representation or deceptive means to attempt to collect any debt. Plaintiff contends that the following three statements in the Letter, when read together, are misleading and violate this

provision: (1) "If a federal bankruptcy action has been filed and a discharge entered, no deficiency or personal judgment will be sought, and an In Rem Judgment will be entered against you as the real property title owners;" (2) "Unless you, within 30 days of receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be owed;" and (3) "As of March 18, 2013, you owe $230,456.76. Because of the interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

According to Plaintiff, those statements would confuse the least sophisticated consumer that had filed for bankruptcy and had been discharged regarding whether they still had to personally pay the debt at issue and whether a court would assume that the consumer still owed the debt at issue if Plaintiff did not dispute it within thirty days. The Court agrees that these statements are misleading, and the Court notes that the language that "an In Rem Judgment will be entered against you" could be perceived by the least sophisticated consumer that they will not be allowed to contest an In Rem judgment before it is entered against them. Therefore, the Court concludes that Plaintiff has stated a claim in Count Three, and Defendant's motion to dismiss this claim is denied.

### D. Count One

In Count One, Plaintiff seeks declaratory and injunctive relief under Florida Statute § 559.77(2) of the FCCPA. Section 559.77(2) provides that the Court may award equitable relief for violations of the FCCPA. Because the Court has found that Plaintiff has stated an FCCPA claim in Count Two, Plaintiff may seek declaratory and injunctive relief. As such, the Court denies Defendant's motion to dismiss Count One.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART**: The motion is granted to the extent that Defendant's substitution of the word "owed" for "valid" is not a violation of the FDCPA or FCCPA; otherwise, the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of July, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record